1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                        **DISTRICT OF NEVADA**
10
11   WINDSOR WEST VENTURES, LLC,        )      3:14-cv-00539-HDM-VPC
                                        )
12                  Plaintiff,          )
                                        )      ORDER
13   vs.                                )
                                        )
14   NEVADA URBAN INDIANS, INC.,        )
                                        )
15                  Defendant.          )
     _____)
16
17        Before the court is the plaintiff Windsor West Ventures, LLC's
18   ("plaintiff") motion for summary judgment and two supplements
19   thereto.  (#17, #23 & #36).  Defendant Nevada Urban Indians, Inc.
20   ("defendant") has opposed (#20), and plaintiff has replied (#22).
21        On June 27, 2013, defendant as tenant and plaintiff as
22   landlord entered into a commercial lease agreement.  The lease term
23   was to commence September 1, 2013, or as soon as improvements
24   requested by the defendant were completed, and run through August
25   31, 2020.  Defendant began occupying the leased premises in January
26   2014.  Shortly thereafter, plaintiff asserts, defendant began
27   complaining about the condition of the property and expressed an
28   intent to vacate.  In response, plaintiff filed this suit for

                                   1

anticipatory breach of contract and declaratory relief.  Defendant answered and counterclaimed for breach of the lease.  Plaintiff now moves for entry of summary judgment on its claims, both on liability and damages, as well as defendant's counterclaims.[1]

Summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998).  A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.  *Lynn v. Sheet Metal Workers Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely

---

[1] Subsequent to the plaintiff's filing of its motion, defendant gave notice that it intended to vacate by September 30, 2015.  Plaintiff asserts that the defendant stopped paying rent on September 30, 2015. At a hearing on that date before this court, defendant represented that it had paid rent through October.  Plaintiff did not contest defendant's representation.

colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978).

Plaintiff seeks judgment on its breach of contract claim. However, as defendant has vacated the property, Nevada Revised Statutes § 118.175 requires plaintiff to take reasonable steps to mitigate its damages. Whether plaintiff has taken sufficient steps to satisfy this obligation is a question of fact that must be resolved at trial.

Further, plaintiff seeks judgment on its claim for declaratory relief, which seeks a declaration that defendant has not been constructively evicted. To prove constructive eviction, the defendant must prove that: (1) plaintiff either acted or failed to act; (2) plaintiff's action or inaction rendered "the whole or a substantial part of the premises ... unfit for occupancy for the purpose for which it was leased"; (3) defendant vacated the premises within a reasonable time; and (4) defendant provided plaintiff notice of and a reasonable opportunity to cure the defect. *Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev.*, LLC, 335 P.3d 211, 214-15 (Nev. 2014). Although the evidence is quite thin, there is evidence of circumstances that, taken together, could have rendered the premises unfit for the purpose for which it was leased, including but not limited to: failure to complete one of the exam rooms as agreed, multiple nonfunctioning electrical outlets, holes in the wall, damage to items in the office

3

overnight, as well as doors left unlocked after hours, and a public bathroom – which defendant's clients used – kept in an unsanitary or unusable condition.  (*See* Pl. Mot. Ex. 2 (Reeves Dep. at 22-23, 28-30, 35, 40, 48-49, 52, 53-57 ,66 & 69)).  Whether defendant vacated the premises in a reasonable period of time and gave plaintiff sufficient notice as required by the law are also questions of fact for the trier of fact.  Accordingly, genuine issues of material fact preclude summary judgment on the constructive eviction claim.

For similar reasons, triable issues of fact exist as to the defendant's counterclaim for breach of the lease agreement.  Most particularly, the lease required plaintiff to "install sinks with lower cabinets in two (2) exam rooms. . . ."  (Mot. Summ. J. Ex. 1)).  Reeves testified that one of the exam rooms had not been completed and specifically did not contain a sink in accordance with the lease agreement.  *Id.* Ex. 2 (Reeves Dep. at 22-23, 28-30, 35 & 69)).  There is therefore a genuine issue of material fact on the defendant's counterclaim, as well.

Because of the nature of the alleged breaches, the court is not persuaded by plaintiff's argument that an expert witness is required to a prove that it breached its duties or the lease.

Accordingly, the plaintiff's motion for summary judgment (#17, #23, #36) is hereby **DENIED.**

**IT IS SO ORDERED.**

DATED: This 4th day of February, 2016.

Howard D McKibben

UNITED STATES DISTRICT JUDGE

4